IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUTRENA WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> acting commissioner of Social ) <br> Security,[1] ) <br> ) <br> Defendant. ) | No. 12 C 7995 <br><br> Magistrate Judge <br> Maria Valdez |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sutrena Williams ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied her claim for Social Security Disability Insurance ("SSDI") benefits. The parties have consented to the jurisdiction of this Court pursuant to 28 U.S.C. § 636(c). For the following reasons, the Court denies the Commissioner's Motion for Summary Judgment [Doc. No. 23], grants Plaintiff's Brief in Support of Reversal of Commissioner's Final Decision, and remands this case to the Commissioner for further proceedings consistent with this Opinion.

---

[1] Carolyn W. Colvin is substituted for her predecessor, Michael J. Astrue, pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL AND FACTUAL HISTORY[2]

Plaintiff has suffered from chronic knee pain for most of her life. Unfortunately, that pain worsened considerably over the years, and, by March 2008, Plaintiff found herself losing balance frequently, falling over at work, and unable even to sit down without feeling intense pain. Plaintiff thus sought treatment from her primary physician, Dr. Park, which culminated in her having three knee surgeries. Plaintiff then filed a Title II application for SSDI benefits, alleging a disability onset date of March 23, 2008. Her application was denied initially and upon reconsideration. Accordingly, Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ"), who determined that Plaintiff was not disabled at Step Five of the Social Security Administration's sequential analysis.

At the hearing, the ALJ found that Plaintiff suffered from the following severe impairments: status-post right tibial tubercle osteotomy and medial patellofemoral ligament reconstruction. The ALJ further found that because Plaintiff had resumed her past relevant work as an assembly line worker, the relevant disability period was from March 23, 2008 to September 12, 2010. Next, after determining that Plaintiff did not meet any listed impairment, the ALJ calculated Plaintiff's Residual Functional Capacity ("RFC") and found that she could perform sedentary work with the following exceptions: no climbing ladders,

---

[2] The following facts from the parties' submissions are undisputed unless otherwise noted.

ropes, or scaffolds, only occasionally climbing ramps and stairs, and no kneeling, crouching, or crawling.

The ALJ then consulted with a Vocational Expert ("VE") to determine if Plaintiff could perform her past relevant work or any jobs in the national economy. On the basis of his RFC assessment and the VE's testimony, the ALJ concluded that although Plaintiff could not have performed her past relevant work during the alleged disability period, she could have performed other jobs that existed in significant numbers in the national economy. Thus, the ALJ found that Plaintiff was not disabled under the Social Security Act.

## STANDARD OF REVIEW

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a claimant is disabled, the ALJ conducts a five-step analysis and considers the following in order: (1) Is the claimant presently unemployed? (2) Does the claimant have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the claimant unable to perform her former occupation? and (5) Is the claimant unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the claimant is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The claimant bears the burden of proof at steps 1–4. *Id.* Once the claimant shows an inability to perform past work, the burden then shifts to the Commissioner to show the claimant's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). Under this standard, the ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). Rather, the ALJ must simply "build an accurate and logical bridge from the evidence to his conclusion," *Clifford*, 227 F.3d at 872, and minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

On appeal, a court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. Thus, where conflicting evidence would allow reasonable minds to differ, the court must defer to the decision of the Commissioner. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990).

## **DISCUSSION**

On appeal, Plaintiff argues that the ALJ's decision is neither supported by substantial evidence nor based upon proper legal standards, asserting: (1) the ALJ disregarded medical evidence that supports further restrictions in Plaintiff's RFC; (2) the ALJ improperly determined that Plaintiff's claims of pain and limitations in sitting were not credible; (3) the ALJ improperly discounted the opinion of Plaintiff's physical therapist, Dr. Ostrowska; and (4) the ALJ erred by not addressing certain aspects of the VE's testimony. However, because the Court finds the ALJ's flawed RFC analysis to be dispositive, it will confine its discussion to that error only.

### I. THE ALJ'S RFC ASSESSMENT

In relevant part, the ALJ determined that Plaintiff could perform sedentary work with the exception of kneeling, crouching, and crawling, which she should never do. On appeal, Plaintiff asserts that the ALJ committed reversible error by failing to include a total restriction on bending, the need for which is supported by the opinion of Plaintiff's treating physician, Dr. Park. The Court agrees.

In his opinion, the ALJ admittedly relied heavily on Dr. Park's findings and explicitly stated that he would include "no kneeling, squatting or bending in [Plaintiff's] residual functional capacity." (R. 55.) Yet, despite saying so, the ALJ ultimately did not include a restriction on bending and instead restricted Plaintiff only from kneeling, crouching, and crawling. The ALJ thus omitted a functional limitation from Plaintiff's RFC that was supported by medical evidence, which is an error worthy of remand. *See SSR 96-8p* (explaining that an RFC assessment must be based on all of the relevant, medically-supported evidence in the record).

Nevertheless, the Commissioner claims this error was harmless because the ALJ's RFC assessment logically entails restrictions on bending, albeit inexplicitly. To support this contention, the Commissioner argues as follows: "bending" is an umbrella term that comprises "stooping," "kneeling," "crouching," and "crawling." Although, at first glance, it appears the ALJ restricted Plaintiff only from three of these activities (kneeling, crouching, and crawling), the ALJ also limited Plaintiff to sedentary work, which by definition implies restrictions on stooping. Therefore, the Commissioner claims that the ALJ's RFC assessment, when carefully considered, clearly accounts for a complete restriction on bending. The Court is unpersuaded.

Contrary to the Commissioner's assertions, the definition of "sedentary work" merely indicates that such work "involves no *significant* stooping." *SSR 83-10* (emphases added). Dr. Park, on the other hand, opined that Plaintiff was unable to bend, and therefore unable to stoop, in any capacity. The difference, then, is that the ALJ's RFC assessment contemplates that Plaintiff had *some* ability to stoop,

6

whereas Dr. Park found that she had no such ability. It follows that the ALJ either erred by failing to account fully for Plaintiff's stooping limitations, or erred by failing to explain why he found Plaintiff to be less functionally limited than Dr. Park opined. Neither error is harmless,[3] and therefore Court remands this case for reconsideration of how Plaintiff's prior inability to bend affects her RFC for the relevant disability period.

Because this error is sufficient to warrant remand, the Court declines to address the remaining errors asserted by Plaintiff. On remand, Plaintiff may raise her arguments regarding any other alleged errors to the ALJ. *See* 20 C.F.R. § 416.1483.

---

[3] *See SSR 96-9p* ("A complete inability to stoop would significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled would usually apply"); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005) (explaining that an omission of substantial import in an RFC warrants remand); *Hofslien v. Barnhart*, 439 F.3d 375 (7th Cir. 2006) ("Obviously if [the opinion of the treating physician] is well supported and there is no contradictory evidence, there is no basis on which the administrative law judge, who is not a physician, could refuse to accept it.")

## CONCLUSION

For the reasons set forth above, the Court denies the Commissioner's Motion for Summary Judgment [Doc. No. 23], grants Plaintiff's Brief in Support of Reversal of Commissioner's Final Decision, and remands this case to the Commissioner for further proceedings consistent with this Opinion.

**SO ORDERED.**   **ENTERED:**

**DATE: January 13, 2015**

_____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**